# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TIMOTHY DeWAYNE BARNETT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-14-1200-M |
| | ) | |
| ROGER REEVE, Washita County Sheriff, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

### I.    Petition and background.

By petition filed pursuant to 28 U.S.C. § 2241, Petitioner challenges his detention pending trial in the District Court of Washita County, Oklahoma, in Case Nos. CF-2013-96, CF-2014-8, CF-2014-10, and CF-2014-28.  Doc. 1, at 6-8.[1] He raises four grounds for habeas relief:   (1) excessive bond, (2) illegal prosecution, (3) "illegal representation by counsel," and (4) "harrassment."[2] *Id.* at 6, 7.

---

[1]    Citations to documents and attachments reflect this Court's CM/ECF designations.  **The Clerk of Court is instructed to include a copy of the docket report when mailing a copy of this Report and Recommendation to Petitioner so that he can track the CM/ECF designations of his petition and amendment motion.**

[2]    Petitioner's practice is to capitalize each word in his sentences. Docs. 1, 6.  In quoting Petitioner, the undersigned uses the lower case where appropriate.  With that exception and unless otherwise indicated, quotations in this report are reproduced verbatim.

Petitioner requests dismissal of the charges in CF-2014-28; reinstatement of his bonds; dismissal of "all cases where there have been due process violations"; "a ruling in all issues addressed in petition"; immediate release; dismissal of all charges that are based on the allegations of a deceased law enforcement officer; dismissal of all charges against him to which co-defendants have pled guilty; an "adequate defense advocate," and consideration of due process violations and the neutrality of a judge. *Id.* at 8.

Chief United States District Judge Vicki Miles-LaGrange referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the undersigned promptly examined the petition and now recommends that this Court abstain from exercising its jurisdiction to intervene in a criminal proceeding brought by the State of Oklahoma.

## II. Analysis.

### A. Petitioner's factual support.

To support his excessive bond claim, Petitioner states that he is being held on a $300,000.00 bond in CF-2014-28 and refers the court to the Probable Cause Affidavit for Arrest Without Warrant and Information in that proceeding. *Id.* at 6 & Att. 1, 2.

He supports his illegal-prosecution contention with these same two attachments and a list of court cases in which he has been named. Doc. 1, at 6 & Att. 1, 2, 6. He maintains "[t]here is no evidence to support their alleged Supplemental Information for Second and Subsequent" offense in CF-2014-28 and that the "Probable Cause Affidavit Case No: CF-2014-28 under offenses committed clearly states in 2-206 title 63 first offense is a misdemeanor." Doc. 1, at 6.

Petitioner bases his third ground for habeas relief – "illegal representation by counsel" – on his court-appointed attorney's alleged conflict of interest in representing Petitioner and two co-defendants in all four cases. *Id.* at 7. He claims counsel, Micah Sielert, "purposely misguided[ed him]" in connection with his waiver of preliminary hearing and a possible plea bargain. *Id.*

In claiming harassment as his fourth ground, Petitioner contends that deputy sheriffs and the district attorney "have continously and purposely delayed [his] criminal proceedings" and violated his constitutional rights. *Id.* He alleges that he has not been provided with the arrest warrants in CF-2013-96 and CF-2014-10; that "on 10-04-2013 additional charges were filed for CF-2014-8 after [he] posted bond on CF-2013-96"; that, referring to CF-2013-96, CF-2014-8, and CF-2014-10, the district attorney "delibertly waited until bond was posted to issue warrants"; that the officer who is a witness in CF-2013-96 and

CF-2014-8 is deceased; and that the probable cause affidavit in CF-2014-28 "clearly shows harrassment." *Id.* at 7 & Att. 3, 4, 5.

Petitioner subsequently moved to amend his petition and to add supplemental information to support his grounds for habeas relief. Doc. 6. He attached the Felony Warrant in CF-2013-96, maintaining that it "provides facts of harassment" in that law enforcement officers did not have an arrest warrant until after Petitioner's traffic stop and arrest on October 4, 2013. *Id.* Ex. 1, at 1-2. In this same vein, he attached the Felony Warrant in CF-2014-8, alleging that because it was not issued until January 10, 2014, it is evidence of harassment in CF-2014-10 because the affiant in CF-2014-10 stated that he knew of a warrant on January 9, 2014. Doc. 6, Ex. 1, at 3-4. Petitioner also advised that his "attorney John Micah Sielert had to withdraw off my cases due to malpractice of the law for representing my co-defendants and myself for 8 months which he knew was against the constitution and legislature on Nov. 6th, 2014." Doc. 6.

### B. Court records.

The undersigned takes judicial notice of the public records of the District Court of Washita County which reflect that Petitioner is charged in Case No.

CF-2013-96 with distribution of methamphetamine;[3] in Case No. CF-2014-8 with unlawful possession of drug paraphernalia;[4] in Case No. CF-2014-10 with eluding or attempting to elude a police officer, harboring a fugitive from justice, unlawful use of a police radio, reckless driving, and possession of methamphetamine;[5] and in Case No. CF- 2014-28 with eluding or attempting to elude a police officer, malicious injury to property, failure to stop at a stop/yield sign, and reckless driving.[6]

**C.  Timing of the petition.**

Petitioner filed this action on October 28, 2014.  Doc. 1, at 9.  As of that date, the court records show that Petitioner had waived his right to a preliminary hearing, a speedy trial, and a jury trial.  *See supra* nn.3-6 (entries dated Sept. 11, 2014).  He was represented by Micah Sielert and was approximately ten days away from his scheduled November 6, 2014 bench trial.

---

[3]     http://www1.odcr.com/detail?court=075-&casekey=075-CF++1300 096 (last accessed Dec. 2, 2014).

[4]     http://www1.odcr.com/detail?court=075-&casekey=075-CF++1400 008 (last accessed Dec. 2, 2014).

[5]     http://www1.odcr.com/detail?court=075-&casekey=075-CF++1400 010 (last accessed Dec. 2, 2014).

[6]     http://www1.odcr.com/detail?court=075-&casekey=075-CF++1400 028 (last accessed Dec. 2, 2014).

*Id.*

On November 6, 2014, Petitioner appeared with Mr. Sielert and the "court continue[d] the matter to November 20, 2014 . . . for assignment of new appointed counsel." *Id*. (entries dated Nov. 6, 2014). A notice of the assignment of new counsel, Ryan Recker, was entered on November 17, 2014. *Id*. (entries dated Nov. 17, 2014). On November 19, 2014, the court continued the bench trial until December 11, 2014. *Id.* (entries dated Nov. 19, 2014).

## D.    Abstention.

In *Younger v. Harris*, 401 U.S. 37, 43 (1971), the Supreme Court determined that federal court abstention is required when three conditions are met: (1) there are ongoing state proceedings; (2) the state proceedings provide an adequate forum to hear Petitioner's federal claims; and (3) the state proceedings implicate important state interests. *Chapman v. Oklahoma*, 472 F.3d 747, 749 (10th Cir. 2006). Here, Petitioner's claims unquestionably relate to an ongoing state criminal proceeding. Similarly, the State of Oklahoma has an important interest in prosecuting crimes that have allegedly occurred within its jurisdiction. And, Petitioner has established that he has an adequate forum for his federal claims in his state proceedings.

Oklahoma law ensures that counsel is provided for indigent defendants, *see* Okla. Stat. tit. 22, §§ 1355-1369, and provides opportunities to address

6

pretrial matters. *See id.*, ch. 7. Petitioner maintains that on October 16, 2014, he raised his concerns about his representation in this case with the trial court. Doc. 1, at 5-6.[7] The trial court responded, appointing new counsel for Petitioner. *See supra* nn.3-6 (entries dated Nov. 17, 2014). The trial court then continued the trial setting, giving new counsel the time to take-up pretrial issues with the court. Should Petitioner be tried and convicted, he may raise his federal constitutional claims on direct appeal and by application for post-conviction relief. Okla. Stat. tit. 22, §§ 1051, 1080.

There are three narrow exceptions to Younger abstention: (1) "proven harassment," (2) a "prosecution[] undertaken by state officials in bad faith without hope of obtaining a valid conviction," or (3) "extraordinary circumstances" that involve irreparable injury. *Perez v. Ledesma*, 401 U.S. 82, 85 (1971). The court considers certain factors in assessing whether a state prosecution has been commenced in bad faith or to harass:

> (1) whether it was frivolous or undertaken with no reasonably objective hope of success; (2) whether it was motivated by the defendant's suspect class or in retaliation for the defendant's exercise of constitutional rights; and (3) whether it was conducted in such a way as to constitute harassment and an abuse of prosecutorial discretion, typically through the unjustified and oppressive use of multiple prosecutions.

---

[7] Petitioner also raised the issue of his excessive bond and his felony marijuana charge. Doc. 1, at 5-6.

*Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997). "[I]t is the [Petitioner's] heavy burden to overcome the bar of *Younger* abstention by setting forth more than mere allegations of bad faith or harassment." *Id.* (internal quotation marks omitted).

Petitioner's claims of excessive bail, of malpractice by his attorney, and of a failure to provide him with certain arrest warrants do not come within the scope of the *Younger* exceptions. Liberally construing his remaining, specific claims as an attempt to establish bad faith or harassment in order "to overcome the bar of *Younger* abstention," Petitioner has not satisfied that "heavy burden." *Id.*

In support of his claim that the prosecution for felony possession of marijuana in CF-2014-28 is "illegal" and unsupported, Petitioner points to language in the Probable Cause Affidavit for Arrest Without Warrant showing that the arresting officer concluded Petitioner had violated Okla. Stat. tit. 63, § 2-402(B) & (2), first offense, and anticipated that he would be so charged. Doc. 1, at 6 & Att. 1. Petitioner contends this is, therefore, a misdemeanor, not a felony. Doc. 1, at 6. Nonetheless, when the district attorney filed his Supplemental Information for Second and Subsequent and charged Petitioner with a second offense, felony possession, he had evidence of Petitioner having pled guilty in June 2000 to manufacturing and possessing methamphetamine

with intent to distribute and receiving two twenty-year concurrent sentences, facts that Petitioner does not contest. *Id*. & Att. 2.

In claiming harassment, Petitioner maintains that "[o]n 10-04-2013 additional charges were filed for CF-2014-8 after I posted bond on CF-2013-96." Doc. 1, at 7. Even affording Petitioner's pleadings a broad and liberal construction, it is nonsensical that additional charges would be filed in 2013 in a 2014 case, and his claim has no probative merit. Similarly, Petitioner refers the court to "PC Aff. Cf-2013-96, CF-2014-8, CF-2014-10" and argues that "[i]f dates are checked on PC Aff. you will see D. A. delibertly waited until bond was posted to issue warrants." *Id.* This claim is generally indecipherable and particularly so when considering that Petitioner was arrested without a warrant in CF-2014-10. *Id.* Att. 3. Neither is there anything about Petitioner's claim concerning the death of a complaining law enforcement official in CF-2013-96 and CF-2014-8 that supports a finding that the state commenced those actions against Petitioner in bad faith. Doc. 1, at 6.

Petitioner makes supplemental claims that the Felony Warrant in CF-2013-96 and the Felony Warrant in CF-2013-8 provide evidence of harassment. Doc. 6. He submits that the Felony Warrant in CF-2013-96 shows that there was no arrest warrant in that case until after his October 4, 2013 arrest. *Id.* Ex. 1, at 1-2. To the contrary, the warrant reflects that it was signed by the district

court judge on October 3, 2013 and executed on the following day. *Id.*

Petitioner further contends that the Felony Warrant in CF-2014-8 was not issued until January 10, 2014 and reasons that this establishes harassment because Affiant Peoples stated in his Probable Cause Affidavit for Arrest Without Warrant in CF-2014-10 that at the time of the January 9, 2014 arrest "he knew [Petitioner] had a warrant." Doc. 6. But Petitioner's evidence shows that the district court judge signed the Felony Warrant in CF-2014-8 on December 9, 2013 when it was presented by the Washita County Sheriff's Department. *Id.* Ex. 1, at 3. Consequently, "Deputy Peoples of the Washita County Sheriff's Office," the affiant in CF-2014-10, had every reason to have been aware of this fact on January 9, 2014. Doc. 1, Att. 3, at 2. And the warrant was outstanding at that time because Petitioner had not yet been arrested in CF-2014-8. *See supra* n.4.

## III. Recommendation and notice of right to object.

For the stated reasons, the undersigned recommends the petition for habeas corpus relief, as supplemented, be dismissed without prejudice. Docs. 1, 6.

The undersigned advises Petitioner of his right to file an objection to this Report and Recommendation with the Clerk of this Court on or before December 29, 2014, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).

10

The undersigned further advises Petitioner that failure to file a timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

The undersigned directs the Clerk of Court to transmit a copy of this Report and Recommendation through electronic mail to the Attorney General of the State of Oklahoma on behalf of the Respondent at the following address: fhc.docket@oag. state.ok.us.

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

ENTERED this 9th day of December, 2014.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE